IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-01516-DME-BNB

TED WOOD

    Plaintiff,

v.

MCDOUGAL LITTELL, a division of Houghton Mifflin Company and
R. R. DONNELLEY & SONS COMPANY

    Defendants.

# [PROPOSED] PROTECTIVE ORDER

Upon the showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of highly confidential information, confidential information, or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, documents marked as an exhibit at any deposition, deposition testimony, deposition transcripts, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in F.R.C.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Any party, or any third party subject to discovery in this action ("The

Litigation") may designate any of the materials described above in paragraphs 1 and 2 as "Confidential" or "Highly Confidential," as defined below, if it reflects, refers to or evidences any "Confidential" or "Highly Confidential" information.

4. All "Confidential" or "Highly Confidential" documents produced by any party or non-party in The Litigation shall be used by the party receiving or reviewing such documents only for the purposes of preparing for and conducting The Litigation.

5. For purposes of this Protective Order, the term "Confidential Information" means information that implicates common law and statutory privacy interests of confidential information, and may include, by way of example: non-public confidential proprietary data, non-public confidential proprietary business information; and non-public confidential research, development, personnel, or commercial information. Information shall be designated as "Confidential" only upon the good faith belief that the information falls within the scope of confidential information under the Federal Rules of Civil Procedure and the precedents thereto.

6. For purposes of this Protective Order, the term "Highly Confidential Information" means information that counsel of record for the designating party has determined, in good faith, constitutes or refers or relates to non-public highly sensitive competitive information such as, for example: (a) trade secrets; (b) information about new services or products that are in the planning stage or that the designating party plans to introduce but that are not yet offered for sale; (c) the designating party's current or future marketing plans for any of its services or products; (d) non-public information concerning the pricing of services or products, sales volumes and advertising expenditures; (e) non-public financial information; and (f) non-public consumer and

marketing research and documents that refer or relate thereto (except those conducted specifically for The Litigation).

7. "Confidential" or "Highly Confidential" information shall be designated specifically by marking the thing and/or each page of a document produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In lieu of marking and producing the original or a document, a marked copy thereof may be produced, provided that the unmarked original is kept available by the producing party for inspection.

8. In the event that an original copy of a document is designated "Confidential" or "Highly Confidential" as set out in Paragraph 7, and one or more copies of the document or the original are also produced but not so designated, the copies or original shall also be treated as "Confidential" or "Highly Confidential" if the receiving party is actually aware of such fact.

9. Such "Confidential" or "Highly Confidential" designation shall be made at the time documents or materials are produced. In the case of depositions, the designations shall be made by so stating on the record of the deposition, or within fifteen (15) days after receipt of the transcript. Said deposition shall be treated as "Highly Confidential" during said 15 day period. Documents that any disclosing party inadvertently does not designate as privileged or subject to work product protection upon production may within a reasonable time period be designated by the disclosing party as privileged or subject to work product protection in a subsequent letter to the receiving party that specifically describes each document so designated, and the receiving party shall treat those documents as privileged or subject to work product protection as of the date of their designation.

10. Documents or materials marked as "Confidential" pursuant to the terms of the Protective Order, and any information contained therein or derived therefrom shall not be disclosed to anyone other than to "Qualified Persons," who are defined to consist of:

    (a) The parties to the Litigation;

    (b) Counsel to the parties to The Litigation, including in-house counsel, and clerical, secretarial and paralegal staff employed by such counsel;

    (c) Any outside expert or consultant and their staff retained by counsel to assist in the prosecution or defense of this action, provided that the designated material is necessary for the individual expert or consultant to provide the assistance for which he or she was retained;

    (d) Any witness employed or previously employed by the producing party;

    (e) Any deponent or witness at trial or at a hearing in connection with the Litigation who created, sent or received the document in the ordinary course of business as demonstrated by the evidence;

    (f) Any court reporter or typist recording or transcribing testimony;

    (g) The Court (in the manner provided by Paragraph 10 hereof); and

    (h) Any other person upon which the parties agree in writing.

11. Documents or materials designated as "Highly Confidential" pursuant to the terms of the Protective Order, and any information contained therein or derived

therefrom shall not be disclosed to anyone except those person specified in 10(b)-(h) above.  Nothing in this Protective Order is intended to preclude counsel from providing their clients with legal advice and/or summaries of the information produced that are necessary to allow the parties to make reasoned decisions concerning the Litigation, provided that the advice and summaries do not reveal the detailed Confidential elements of the information designated "Highly Confidential" and do not reveal any information whatsoever about new products not yet offered for sale or proposed advertising or marketing or financial information.

12. Prior to disclosing "Confidential" or "Highly Confidential" information to any person listed in paragraph 10 (other than counsel, persons employed by counsel, Court personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (attached hereto as Exhibit A) stating that he or she has read this Protective order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

13. A party may object to the designation of particular "Confidential" or "Highly Confidential" information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" or "Highly Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information

should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" or "Highly Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" or "Highly Confidential" and shall not thereafter be treated as "Confidential" or "Highly Confidential" in accordance with this Protective Order. In connection with a motion filed under this provision and provision 14, the party designating the information as "Confidential" or "Highly Confidential" shall bear the burden of establishing that good cause exists for the disputed information to be treated as such.

14. Documents or materials designated as "Confidential" or "Highly Confidential" in accordance with the terms of this Protective Order, whether discussed in briefs or otherwise, shall not be filed with the Clerk of Court. Parties submitting to the Court documents containing "Confidential" or "Highly Confidential" information shall follow the procedure set forth in Colorado Local Rules 7.2 and 7.3. ~~Any party or member of the public may challenge the filing of papers *in camera* under the Local Rules. In the event of a challenge, the party asserting confidentiality will have the burden of proving same.~~

15. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "Confidential" or "Highly Confidential" shall be returned to the party that designated it "Confidential" or "Highly Confidential," or the parties may elect to destroy such documents. Where the parties agree to destroy "Confidential" or "Highly Confidential" documents, the

destroying party shall provide all parties with an affidavit confirming the destruction.

    16.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated December 27, 2007.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

APPROVED:

s/_____  
Christopher Seidman  
Harmon & Seidman LLC  
101 South Third Street  
#265  
Grand Junction, CO 81501  
Telephone: 970-245-9075  
Facsimile: 970-245-8086  
Email: chrisseidman@qwest.net  

**ATTORNEYS FOR PLAINTIFF**

s/_____  
Tucker K. Trautman  
Evan M. Rothstein  
Dorsey & Whitney LLP  
370 Seventeenth Street, Suite 4700  
Denver, Co 80202-5647  
Telephone: 303-629-3400  
Facsimile: 303-629-3450  
Email:  trautman.tucker@dorsey.com  
          rothstein.evan@dorsey.com  

and

Christina M. Tchen  
David R. Pehlke  
SKADDEN, ARPS, SLATE,  
 MEAGHER & FLOM LLP  
333 West Wacker Drive, Suite 2100  
Chicago, Illinois 60606  
Telephone: 312-407-0700  
Facsimile: 312-407-0411  
Email:ttchen@skadden.com  
         dpehlke@skadden.com  

**ATTORNEYS FOR DEFENDANTS**

# EXHIBIT A
## DECLARATION

By my signature, I hereby acknowledge that I have read the Protective Order entered in *Wood v. McDougal Littell, et al*, No. 07-CV01516-DME-BNB (D. Colo.), that I understand the Protective Order, and that I hereby agree to be bound by the terms of the Protective Order and to submit to the jurisdiction of the United States District Court for the District of Colorado to enforce the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____ _____
(Signature)