IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-01516-DME-BNB

TED WOOD,

       Plaintiff,

v.

HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY and
R.R. DONNELLEY & SONS COMPANY,

       Defendants.

---

**ORDER ON PARTIAL MOTION TO DISMISS AND
MOTION FOR TRANSFER OF VENUE**

---

Pending before the Court is a motion filed on December 10, 2007, by Defendants to dismiss some of Wood's claims in this case pursuant to Fed. R. Civ. P. 12(b)(6) and a motion filed on September 21, 2007, by Defendants to transfer this case to the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a). (Dkt. # 6, 34.) Due to the recently filed second amended complaint, this Court DISMISSES the motion to dismiss as moot. For the reasons stated below, this Court DENIES the motion to transfer venue.

**I.    BACKGROUND**

Wood is a professional photographer and resident of Colorado. Houghton Mifflin Harcourt Publishing Company ("Houghton Mifflin") is a textbook publisher with its primary offices in Boston, Massachusetts. McDougal Littell is a division of Houghton Mifflin with its primary offices in Evanston, Illinois. R.R. Donnelley ("Donnelley") is a full-

-1-

service printer with its headquarters in Chicago, Illinois. The current dispute stems from four separate licenses Wood sold Houghton for six of Wood's photographs to be reproduced in a Houghton textbook series, The Language of Literature, which Donnelley published.

Wood alleges that Houghton and Donnelley infringed his copyrights in the photographs by publishing more than the 40,000 copies authorized by each license. Wood also alleges that as a result of their licensing agreements, Houghton committed common-law fraud and fraudulent concealment because it knowingly misrepresented to him that it would only print 40,000 copies of the textbook series. Based on these allegations, Wood seeks an injunction against Defendants, as well as actual and punitive damages and costs.

Defendants assert that a transfer to the Northern District of Illinois would promote considerations of convenience and justice. They rely on the fact that several witnesses and key documents are located in Illinois. They also argue that a transfer would promote judicial efficiency because several similar suits are pending against Defendants in the Northern District of Illinois. In response, Wood claims that Defendants failed to satisfy their burden under 28 U.S.C. § 1404(a). Specifically, Wood asserts that his choice of the District of Colorado as the forum, the location of some of his witnesses in Colorado, and the District of Colorado's local interest in the case all support his argument that this Court should deny Defendants' motion.

## II.    MOTION FOR TRANSFER OF VENUE

28 U.S.C. § 1404(a) provides the procedural mechanism by which parties can

seek to change the venue of a civil action within the federal court system.[1] The moving party bears the burden of demonstrating that a transfer is proper. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1515 (10th Cir. 1991). This Court must consider several non-exclusive factors in its evaluation of a motion to transfer, including:

> [1] the plaintiff's choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and, [9] all other considerations of a practical nature that make a trial easy, expeditious and economical.

Id. at 1516 (quotation marks omitted) (quoting Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)). After considering these factors, transfer is appropriate only if "the balance is strongly in favor of the movant." Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992) (quotation marks omitted) (quoting William A. Smith Contracting Co. v. Travelers Indem. Co., 467 F.2d 662, 664 (10th Cir. 1972)); see also id. at 966 ("Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue.").

In general, this Court gives the plaintiff's choice of forum substantial weight. Scheidt, 956 F.2d at 965; Vacation Travel Int'l, Inc. v. Sunchase Beachfront Condo.

---

[1] 28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute makes clear that a party may seek a transfer only if the civil action could have been brought in the transferee court. In this case, neither party disputes that Wood could have brought this action in the Northern District of Illinois.

Owners Ass'n, Inc., No. 06-cv-02195-LTB-CBS, 2007 WL 1395319, at *3 (D. Colo. May 9, 2007). This Court, however, grants less deference to a plaintiff's choice of forum if the plaintiff or the conduct underlying the cause of action has no significant contact with the forum state. Bell v. Union Pac. R.R. Co., No. 07-cv-00209-PSF-PAC, 2007 WL 1851423, at *3 (D. Colo. June 27, 2007). In this case, Wood's choice of forum deserves the deference normally granted because he has been a full-time resident of Colorado for approximately the last four years. See Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006) (noting that the amount of deference given to a plaintiff's forum selection hinges, at least in part, on whether the plaintiff lives in the selected forum).

The convenience and accessibility of witnesses also plays a central role in this Court's analysis. In the instant case, this factor is at best a wash. Defendants assert that a transfer would be proper because many of their witnesses live and work within the Northern District of Illinois. Most, if not all, of these witnesses are employees of McDougal. In response, Wood asserts that he and several of his witnesses—that are not his employees—live in Colorado. Houghton Mifflin does not allege that it would unduly inconvenience its employees to travel to Colorado to testify, or that these witnesses are unlikely to appear before this Court. Wood, however, does allege that holding the trial in the Northern District of Illinois would be a serious inconvenience to him and his witnesses. Because Houghton Mifflin could procure its employees to appear before this Court, this factor does not demonstrate that transferring the case would improve the overall balance of convenience to the parties. See Wolf v. Gerhard Interiors, Ltd., 399 F. Supp. 2d 1164, 1167 (D. Colo. 2005) (noting that a defendant was

not inconvenienced because the witnesses at issue were its employees, and thus, could be easily procured); see also Steelcase, Inc. v. Smart Techs., Inc., 336 F. Supp. 2d 714, 722 (W.D. Mich. 2004) (noting that the convenience of non-party witnesses is more significant than the convenience of employee witnesses).

The location of most of the documentary evidence in this case militates slightly in favor of transferring the case. Defendants assert that substantially all the documents relevant to this civil action are located at their offices and storage facilities in the Chicago area. Wood contends that he has documents in his possession in Colorado. Although the exact magnitude of the documents at issue is not clear, it appears that there are more documents in the Chicago area than in the District of Colorado. This factor, however, only influences the balance slightly. See, e.g., Picker Int'l, Inc. v. Travelers Indem. Co., 35 F. Supp. 2d 570, 574 (N.D. Ohio 1998) ("[W]hile the location of evidence is generally a relevant factor . . . the location of documentary evidence is a minor consideration."). In addition, there is no showing that there would be any substantial impediment to making the required documents available in Colorado for a trial here.

The final factor this Court must consider is the potential for a more economical and efficient litigation process if the Court transfers the civil action to the Northern District of Illinois. Defendants assert that the Northern District of Illinois would be able to handle the instant case more efficiently because there are two other substantially similar lawsuits pending against them in that forum. This factor may slightly weigh in favor of transferring the case. See Ervin & Assocs., Inc. v. Cisneros, 939 F. Supp. 793, 799 (D. Colo. 1996) (holding that a transfer was appropriate because a substantially

similar case involving the same parties was pending in another forum). However, this Court has no information that the same judge in Illinois would handle all of these cases. In addition, nothing indicates that the issues are identical or that the legal or factual issues are so complex that there is any substantial advantage to having all the cases heard in the Northern District of Illinois.

Although there are factors that support both granting and denying Defendants' motion, this Court concludes that the totality of the circumstances is not "strongly in favor of the movant." Scheidt, 956 F.2d at 965. This Court affords substantially weight to Wood's initial forum selection, and the potential efficiencies that might be gained by transferring this case to the Northern District of Illinois, along with any inconvenience to Defendants' witnesses and the location of the documentary evidence, do not significantly alter that balance. Accordingly, the Court DENIES Defendants' motion for a transfer of venue.

DATED: May 19, 2008

BY THE COURT:

*s/ David M. Ebel*
_____
David M. Ebel
United States Circuit Judge